HEARD NOVEMBER TERM, 1875.

## THE STATE *vs.* DENT.

On a trial for murder, it is not necessary to prove the venue by affirmative evidence. If the witnesses state the name of the place where the killing occurred, the jury, from their own knowledge, may conclude that it was within the County as laid in the indictment.

. BEFORE MAHER, J., AT AIKEN, MAY TERM, 1875.

The prisoner, Louis Dent, was tried for murder, the indictment alleging the offense to have been committed at Graniteville, in the County of Aiken. He was found guilty, and moved an arrest of judgment. The motion was overruled, and, after sentence, he appealed to this Court.

*Jordan, Elliott, Lee & Clyde, Sparnick*, for appellant.

*Wiggins*, Solicitor, *Finley & Henderson*, contra.

December 6, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. The indictment charges that the assault upon the deceased was made by the prisoner at Graniteville, in the County of Aiken.

The prisoner was found guilty of murder. The counsel for the prisoner moved an arrest of judgment on the following grounds:

1. That His Honor the presiding Judge erred in refusing a motion of the defendant that the jury then and there charged with the trial of the above mentioned case be directed and in-

structed to find a verdict of "not guilty," the State having failed, as it appears from the minutes of His Honor the presiding Judge, to support by affirmative proof the venue as laid in the indictment.

2. That His Honor the presiding Judge erred in submitting the case to the jury in the absence of affirmative proof to establish the jurisdiction of the Court in the above mentioned case.

The Court refused to grant the motion in arrest of judgment, and by appeal it is brought to this Court.

The testimony of Jerry Tillman, as applies to venue, is as follows:

"Was at Graniteville that day and saw the affray. It was at Thorp's bar-room. Deceased was on East side of road, prisoner on West side. I was standing up there in the road. Deceased and I had been talking friendly."

As to the killing, the same witness says:

"After a while, prisoner said to deceased: 'God d——n you, I will cut your guts out,' and made a lick with his right hand in stomach. Then deceased turned off, holding his stomach with his hands. As he turned off, prisoner struck at him in the side."

Dr. W. B. Samuels, in his testimony, states that he lives in Graniteville; is a practicing physician; attended deceased; that deceased's wounds were mortal; that he held a *post mortem* examination, and that "it was in Aiken County."

The testimony referred to was sufficient evidence to go to the jury, and the jury rightfully considered it sufficient to establish the fact that the killing was in Aiken County and within the jurisdiction of the Court. It was the right of the jury to pass upon the evidence submitted, as to whether or not the venue had been proven, and to arrive at a conclusion. Such evidence might be associated with any facts within their own knowledge.—*State* vs. *Williams*, 3 Hill, 421.

The motion must be denied, and the prisoner remanded to the custody of the Sheriff of Aiken County.

*Moses*, C. J., and *Wright*, A. J., concurred.